Mr. James Sullivan, Director Department of Consumer Affairs, Regulation, and Licensing 505 Missouri Boulevard Jefferson City, Missouri 65101
Dear Mr. Sullivan:
This answers the opinion request of former department director Alfred C. Sikes reading as follows:
 "Is a credit union, which the State Division of Credit Unions has taken charge, required to pay a State employee's expense and compensation for the time the State employee is serving as agent of the credit union?"
Section 370.150.3, RSMo 1969, provides:
 "During the time the commissioner is in possession, or acting as receiver as hereinafter set forth in section 370.152, he shall have the power to operate the credit union through the agency of a qualified person, natural or corporate, who shall act under his supervision,
and all expenses of the operation, including compensation of the agent and the employees of the agent, shall be paid from the credit union's funds." (Emphasis added)
Under Section 4.7 (1), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, the Office of the Supervisor of Credit Unions is abolished and all of his powers, duties, and functions in Chapter 370, RSMo, and the powers and duties relating to credit unions vested in the Commissioner of Finance in Chapter 370, RSMo, are transferred to the Division of Credit Unions under a director who has been nominated by the department director of Consumer Affairs, Regulations, and Licensing and appointed by the Governor with the advice and consent of the Senate.
In response to Mr. Sikes' question, we feel it is necessary to first consider whether the legislature contemplated the appointment of a full-time employee of the Division of Credit Unions to act as an agent in possession under Section 370.150.3. In seeking legislative intent, the basic rule of statutory construction is to ascertain the intent from the words used in the statute. In so doing, the words should be given their plain and ordinary meaning in order to promote the object and manifest purpose of the statute. State ex rel. State Highway Commission v.Wiggins, 454 S.W.2d 899 (Mo.Banc 1970).
Significantly, the Director of the Division of Credit Unions may appoint a deputy supervisor, examiners, assistant examiners, and other employees under Section 370.100.5, RSMo Supp. 1975. All persons appointed by the division director as authorized by Chapter 370 shall perform the duties required of them by the director and "shall devote all of their time to their official duties." Section370.100.8, RSMo Supp. 1975.
Under appropriate circumstances, one of the official duties of the division director is to take possession of the credit union. Section 370.150.1, RSMo 1969. His office obviously can operate the credit union without the appointment of the agent under Section 370.150.3. By virtue of Section 370.100.8, employees under him shall perform the duties he requires with regard to the possession.
The plain language of Section 370.150.3 is that the director of the division shall have the power to operate the credit union through the agency of a qualified person, natural or corporate,who shall act under his supervision. The legislature is not presumed to have attended to use superfluous or meaningless words in its enactments. Dodd v. Independence Stove FurnaceCo., 51 S.W.2d 114 (Mo. 1932). Regular division employees are already acting under the supervision of the director; therefore, to say that Section 370.150.3 contemplates that a regular employee of the division is an agent referred to in this section is to ignore the language "who shall act under his supervision."
Further, this section speaks in terms of "compensation of the agent and the employees of the agent." Such language must be read in light of Section 370.100.8 requiring employees of the division to perform the duties assigned to them by the director and to devote all of their time to such duties. It is not contemplated that the regular employees of the division have their own "employees" for performing their official duties. To hold otherwise would appear to be unreasonable.
It is important to note that there are specific instances where the legislature has indicated that a director may use a regular employee in a liquidating capacity. Section 361.390, RSMo 1969, permits the Commissioner of Finance to:
 ". . . appoint one or more special deputy commissioners as agent or agents to assist him in liquidating the business and affairs of any corporation in his possession."
Section 361.400, RSMo 1969, clearly indicates that a deputy commissioner or examiner may be appointed as a special deputy under Section 361.390.
Moreover, in the instances where the legislature apparently intended that the compensation and expenses of a statutorily appointed agent be paid from the assets of a business institution which is suffering financial difficulty, such intent has been expressly manifested. For example, Section 369.349.8, RSMo Supp. 1975, provides:
 "The director of the division of savings and loan supervision may appoint one or more special deputies to assist in the duties of liquidation and distribution and may also employ such special legal counsel, accountants and assistants as may be needed and required and fix their salaries and compensation subject to the approval of the court. All such salaries and compensation and such reasonable and necessary expenses as may be incurred in the liquidation shall be paid by the director of the division of savings and loan supervision from the funds of the association in his hands. Such expenses shall include that part of the salary of the director of the division of savings and loan supervision and of his deputies, examiners, accountants and other assistants and that part of the general expenses of the director of the division of savings and loan supervision's office as fairly represent, in the opinion of the director of the division of savings and loan supervision, the proportion properly attributable to such liquidation." (Emphasis added)
See also Section 361.410, RSMo 1969, with regard to the payment of compensation of the deputy commissioners who are special deputies of the Commissioner of Finance for the purpose of liquidation.
Of equal significance is that under Section 4.7 (2), Omnibus Reorganization Act of 1974, Appendix B, RSMo Supp. 1975, is the following language:
 ". . . In addition the director of the division of credit unions shall assess the several credit unions in the state the same percentage of estimated expenses to pay the costs of rent and other supporting services furnished by the state, as banks and trust companies are assessed by the commissioner of finance pursuant to section 361.170(1), RSMo."
It is noted that in enacting this provision of the reorganization bill the legislature did not adopt Section 361.170.2, RSMo 1969, as a part of the credit union law. Section 361.170.2 provides for the charging to a corporation under the Commissioner of Finance any unusual expenses incurred outside the normal expenses of annual or special examinations.
When all the statutes in the area of financial institutions are considered together in pari materia in an effort to ascertain the legislative intent, it appears to this office that the legislature did not intend that the word agent in Section 370.150.3 encompass a regular employee of the Division of Credit Unions.
CONCLUSION
It is the opinion of this office that a credit union in possession is not required to pay for the operating expense and compensation of a regular employee of the Division of Credit Unions who, as a part of his official duties, is operating the credit union in possession on behalf of the Director of the Division of Credit Unions.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General